## N. B. CHISM *v.* R. H. CHISM.

**Sale of Expectancy.**

A sale of expectancy may be constructively fraudulent, but when it is shown to be fair and for a full consideration it is not voidable by the recipient of the consideration.

**Judgment — Legalizing Contract.**

The confirmation by the judgment of the Divorcing Court, recognizing and legalizing a contract, makes it conclusively binding on both parties.

APPEAL FROM MONROE CIRCUIT COURT.

February 26, 1867.

OPINION OF THE COURT BY JUDGE ROBINSON:

Independently of the contemplated divorce, the maintenance of the nine infant children by Mrs. Chism was a sufficient consideration for the renunciation by the appellant, N. B. Chism, of his contingent right as heir or distributee in the real or personal estate of his wife and of her children. A sale of an expectancy may be constructively fraudulent, but, when shown to be fair and for a full consideration, may not be voidable in a court of equity by the recipient of the consideration. Nor will a court of equity help him to avoid the sale on the ground that the purchaser was a married woman, and especially after the lapse of twenty years, during the whole of which time he was receiving the consideration since she became discovert, and whereby he confirmed the contract.

Moreover, the confirmation by the judgment of the Divorcing Court, recognizing and legalizing the contract, made it conclusively binding on both parties, and consequently the appellant is not entitled, either as heir or distributee, to any portion of the estate of the two deceased sons of himself and their mother.

Wherefore, the judgment dismissing his petition is *affirmed*.

*A. J. Adams, Leslie & Botts, for appellant.*

*J. W. Ritter, for appellee.*